FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 0 1 2002

Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID L. GUTIERREZ,

    Petitioner,

v.    Civ. No. 98-0364 JP/RLP

DONALD DORSEY, Warden, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S ADDITIONAL PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1.    The court previously entered its Proposed Findings and Recommended Disposition [Doc. 54]. Petitioner, through appointed counsel, filed his objections [Doc. 55], and upon consideration of those objections the court held an evidentiary hearing on August 1, 2002 on the issue of whether trial counsel rendered ineffective assistance. Having heard the testimony and considered the parties' submissions, the court makes the following additional findings and recommended disposition. The facts of the case are set out in the Proposed Findings and Recommended Disposition [Doc. 54] and are not repeated.

2.    Petitioner produced two witnesses at the hearing: trial counsel Steven Murphy and Petitioner. Mr. Murphy stated that at the time of trial he had been practicing law for approximately one and one-half years and had experienced co-counsel with him at trial. He interviewed the Petitioner, Petitioner's parents, a police officer, Jay Jolly, and Vanessa Durfree (who was present the night of the robbery).

3.    Mr. Murphy did not try to locate Leonard Martinez, the individual seen riding a bicycle in the area the night of the robbery. Mr. Murphy stated that his defense was that the

crime was committed by Mr. Martinez and that it would not help Petitioner to locate Mr. Martinez. Petitioner had claimed that his parents could give him an alibi for the night of the robbery, but Mr. Murphy's interview with the parents did not support that claim. Mr. Murphy did not talk to the physical therapist whom Petitioner stated would support his claim that he was physically incapable of running from the scene of the crime.

4. Mr. Murphy testified that he did not remember objecting when Kyla Johnson was recalled to testify,[1] but he was sure that he did or at least had a continuing objection. He had been advised by the police that the DNA evidence showed that the blood was not inconsistent with Petitioner's and so was not concerned that evidence was not admitted at trial. Finally, Mr. Murphy stated that he had interviewed Vanessa Durfree who "told me what happened that night." He recommended that Petitioner not take the stand because of his prior convictions and counsel's fear of perjured testimony.

5. Petitioner stated that he advised Mr. Murphy to contact his parents who would give him an alibi. He advised Mr. Murphy to contact Rachel Martinez, his girlfriend and the mother of Petitioner's children, who stated she was coerced into implicating Petitioner in the crime. Petitioner testified that his physical therapist would have testified that Petitioner was confined to a wheelchair and physically incapable of committing the robbery as alleged.

6. The court finds that Petitioner has not shown that he received ineffective assistance of counsel at trial. Mr. Murphy's account of his pretrial investigation and conduct

---

[1] Kyla Johnson was the clerk who was robbed. At trial she could not identify Petitioner. She was recalled the next day and stated that she had committed perjury and was now prepared to testify that Petitioner was the robber.

2

during trial more than meets the level of reasonably competent counsel, which is all that is required. *Strickland v. Washington*, 466 U.S. 668 (1984). This finding is bolstered by Petitioner's lack of credibility at the evidentiary hearing.

7. For example, with regard to his parents as alibi witnesses, Petitioner states they went to bed at 9:00 p.m. and the robbery was committed after 10:00 p.m. He did not produce them at the hearing to testify, nor did he submit affidavits of their potential statements. The court finds that Mr. Murphy's statement that his interview with Petitioner's parents did not support an alibi defense is credible.

8. Petitioner states that he is aware of Rachel Martinez's current address and phone number, yet she was not called to testify, nor was an affidavit submitted with her proposed testimony. Petitioner cannot recall the name of his physical therapist and no one was called to testify that at the time of the robbery Petitioner was physically impaired. He proffered no medical records.

9. Petitioner's contention that his blood was dropped at the scene by a law enforcement official is not credible.

## RECOMMENDED DISPOSITION

I recommend that Petitioner's Motion for Evidentiary Hearing [Doc. 39] be granted, that the Petition for Writ of Habeas Corpus be denied; and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

3